IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS VELO-PEREZ and ERNESTO CABRERA,<br><br>　　　Movants,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Respondent.<br>_____/ | No. CR 05-00543 CW<br>No.  C 07-05401 CW<br>No.  C 07-05633 CW<br><br>ORDER DENYING MOVANTS' SECTION 2255 MOTIONS FOR REDUCTION IN SENTENCES |

　　In two separate motions, Movants Thomas Velo-Perez and Ernesto Cabrera, federal prisoners incarcerated at the California City Correctional Center, move under 28 U.S.C. § 2255 to vacate, set aside, or correct their sentences.  Respondent United States of America opposes the motions.  Having considered all of the papers filed by the parties, the Court DENIES the motions.

BACKGROUND

　　The following facts are taken from the documents and transcripts in the criminal case <u>United States v. Thomas Velo-Perez and Ernesto Cabrera</u>, CR 05-00543 CW.  On or about August 15, 2005, Movants agreed to distribute methamphetamine to a Confidential Source (CS) who was cooperating with law enforcement.  Movant Velo-Perez negotiated a price of $41,000 for approximately five pounds

of methamphetamine and arranged for Movant Cabrera to bring it to the CS.  Pursuant to plea agreements, Movants plead guilty to one count of violating 21 U.S.C. § 846, conspiracy to distribute methamphetamine; on the motion of Respondent, counts two and three of Cabrera's indictment were dismissed and counts two through five of Velo-Perez' indictment were dismissed.  On May 23, 2007, each Movant was sentenced to 108 months in prison to be followed by five years of supervised release.  Neither Movant filed a direct appeal of his sentence.

On October 23, 2007, Movant Velo-Perez filed his § 2255 motion and on November 6, 2007, Movant Cabrera filed his § 2255 motion. Both Movants argue that their due process and equal protection rights have been violated because, due to their deportable alien status, they cannot be housed in a minimum security facility or community correctional center, and thus, the Court should grant them a downward departure in their sentences.  On February 28, 2008, Respondent filed a separate response to each motion.  Movant Cabrera filed a reply in which he argues that he received ineffective assistance of counsel and that the Court erred in not granting him a downward departure for minimal participation in the crime and for cooperation.  Movant Velo-Perez has not filed a reply.

## LEGAL STANDARD

A prisoner, in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the

2

court which imposed the sentence. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988). Section 2255 was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979). Under 28 U.S.C. § 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. <u>United States v. Barron</u>, 172 F.3d 1153, 1157 (9th Cir. 1999).

In reviewing a § 2255 motion, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The motion must provide specific factual allegations which, if true, state a claim on which relief could be granted. <u>United States v. Schaflander</u>, 743 F.2d 714, 717 (9th Cir. 1984).

## DISCUSSION

Respondent proffers several arguments that the motions should be denied. All of them are well-taken.

I. Procedural Default

Respondent argues that Movants' claims should be denied because they failed to raise the issues before the Court at sentencing or on direct appeal. The Ninth Circuit has held that a petitioner may not attack a sentence collaterally under § 2255 if he did not challenge it at sentencing or on direct appeal. <u>See</u> <u>Johnson v. United States</u>, 362 F.3d 636, 638 (9th Cir. 2004); <u>United</u>

3

States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994). Movants do not respond to this argument. Therefore, Movants' claims must be denied on this basis alone. In the interests of justice, the Court will address the other arguments presented by Respondent.

II. Movants Waived Their Right to File a § 2255 Motion

Respondent argues that Movants are precluded from filing § 2255 motions because in their plea agreements they agreed not to attack their convictions or sentences collaterally for any reason other than ineffective assistance of counsel.

In their plea agreements, Movants agreed to the following provision, "I agree not to file a collateral attack on my conviction or sentence, including a petition under § 2255, . . . at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated." Cabrera Plea Agreement, ¶ 5, Velo-Perez Plea Agreement, ¶ 5. The Ninth Circuit enforces waivers of appellate rights and the right to challenge collaterally the length of a sentence in criminal cases, where waivers are provisions of a negotiated plea agreement. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). The right to bring a collateral attack under § 2255 is statutory and a knowing and voluntary waiver of a statutory right is enforceable. Id. Movants do not argue that their waivers were unknowing and involuntary. Therefore, except for Cabrera's ineffective assistance of counsel claim, Movants' claims must be denied on this basis.

III. Merits of Movants' Claims

Respondent argues that, for a variety of reasons, Movants'

4

claims have no merit.  The Court will address several of these arguments.

### A. Deportable Alien Status

Movants argue that, because of their deportable alien status, they are ineligible for detention in a minimum security facility for the last ten percent of their sentences to prepare for and adjust to re-entry into the community as provided by 18 U.S.C. § 3624(c), and should therefore be granted a downward departure to account for this ineligibility.  As stated in United States v. Alaqbe, 2006 WL 1529981 *4 (N.D. Cal.), the sentencing guidelines do not mention deportable-alien status as a sentencing factor and departures based on factors not mentioned in the guidelines are infrequent.  Furthermore, Congress has designated the Bureau of Prisons (BOP) as the agency with the authority to determine where a prisoner is incarcerated; by departing downward because of a prisoner's place of detention, the sentencing court would be interfering with the BOP's authority.  Id. (citing United States v. Charry Cubillos, 91 F. 3d 1342, 1344 (9th Cir. 1996)).  Therefore, Movants' claims must be denied on this basis.

### B. Equal Protection and Due Process Claims

Movants allude to the fact that their equal protection rights have been violated on the basis of their status as deportable aliens.  This claim was also addressed in Alaqbe, where the court stated that any disparity with respect to equal protection "is justified by the legitimate basis in protecting against the increased security risk of those facing deportation, the fact that those being deported do not need to integrate into the community,

5

and Congress' plenary power over alien affairs." <u>Alaqbe</u>, 2006 WL 1529981 at *4.  For this reason, Movants' Equal Protection Claim is denied on the merits.  Furthermore, Movants provide no authority to support their argument that their due process rights were violated by not being granted a downward departure.

      C. Ineffective Assistance of Counsel

In his reply brief, Cabrera raises for the first time an ineffective assistance of counsel argument based on the fact that counsel should have requested a downward departure based upon Cabrera's minimal participation in the crime and cooperation with law enforcement authorities.  The Court will address this argument even though Respondent has not had an opportunity to respond to it.

Contrary to Cabrera's representation, at the May 23, 2007 sentencing hearing, his counsel argued that Cabrera was not an organizer or supervisor of the criminal activity nor was he a sophisticated drug dealer and thus he should not receive a sentence greater than eighty-seven months.  Transcript of Sentencing Hearing, Docket # 108 at 9, 19-20.  Therefore, Cabrera's counsel did not fail to raise the issue of a downward departure and his representation of Cabrera did not constitute deficient performance. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984) (to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish that counsel's performance was deficient, that is, it fell below an "objective standard of reasonableness" under prevailing professional norms and that he was prejudiced by counsel's deficient performance).  Therefore, this claim must be denied.

6

D. Court Error

In his reply, Cabrera also raises for the first time the argument that the Court committed error by not downwardly departing four levels based on his minimal participation in the crime and his cooperation with law enforcement authorities. At the sentencing hearing, the Court considered all elements for reduction in sentence and departed downward to impose a sentence of 108 months as opposed to the sentence of 120 months that was recommended by Respondent. The Court did not err in its imposition of Cabrera's sentence.

## CONCLUSION

For the foregoing reasons, Movants' motions for a downward departure in sentencing are DENIED (Docket ## 86, 90).

IT IS SO ORDERED.

Dated: May 21, 2008

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

et al,

       Plaintiff,

  v.

et al,

       Defendant.
                                        /

Case Number: CR 05-00543 CW
CV07-05401 CW
CV07-05633 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tomas Velo-Perez 97679-011
California City Correctional Center
P.O. Box 3001-0001
California City, CA 93504

Ernesto Cabrera 97680-011
California City Correctional Center
P.O. Box 3001-0001
California City, CA 93504

William Douglas Sprague
U.S. Attorney's Office
1301 Clay St.
Suite 340-S
Oakland, CA 94612

Dated: May 21, 2008

                                 Richard W. Wieking, Clerk
                                 By: Sheilah Cahill, Deputy Clerk